# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DOUGLAS L. MANLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RYAN SMITH, MITCHELL BROWN, ) <br> MIRA MICHLER, TAZEWELL COUNTY,) <br> ILLINOIS, and CITY OF PEKIN, ) <br> ILLINOIS, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-1007 |

## ORDER & OPINION

This matter is before the Court for merit review pursuant to 28 U.S.C. § 1915A and Plaintiff's Motion to Proceed Without Prepaying Fees and Costs (Doc. 2). For the reasons stated below, Plaintiff's Complaint (Doc. 1) withstands merit review in part and is dismissed without prejudice in part and his Motion (Doc. 2) is granted.

### BACKGROUND

Plaintiff was a prisoner incarcerated at Tazewell County Justice Center at the time of filing this action. He has since been released. (Doc. 4). He alleges he was repeatedly harassed, stopped, searched, and arrested by Defendant Ryan Smith, a police officer, at the direction of Defendants Mitchell Brown and Mira Michler, Assistant State's Attorneys (ASAs), pursuant to a policy or custom of the City of Pekin and Tazewell County to stop persons operating low-speed motorized bicycles. During the stop, Defendant Smith stated he stopped Plaintiff pursuant to a city policy and

because only drug dealers used low-speed motorized bicycles. According to Plaintiff, the use of such bicycles does not violate any ordinance or law.

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, this Court is directed to review complaints filed by prisoners against governmental entities or employees and dismiss any portion of a complaint which is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." For the purposes of § 1915A, " 'prisoner' status . . . turns on whether the plaintiff was confined when the suit was filed." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 668 n.1 (7th Cir. 2012). Where merit review is appropriate under § 1915A, the Court uses the same measure as "the Federal Rule of Civil Procedure Rule 12(b)(6) standard for stating a claim for relief," accepting all well-pleaded allegations as true and construing the complaint in the light most favorable to the plaintiff. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). *Pro se* complaints "are to be construed liberally." *Id.* at 651.

## DISCUSSION

Plaintiff's Complaint is largely focused on asserting a claim pursuant to 42 U.S.C. § 1983 for an unlawful stop under the Fourth Amendment. This claim is asserted against Defendant Smith for performing the allegedly unconstitutional actions, Defendants Brown and Michler for advising the police they could perform the allegedly unconstitutional actions, and against the institutional Defendants on the

basis that the individual Defendants were acting pursuant to a policy or custom. Each Defendant is examined in turn.

## I. The Individual Defendants

The Complaint clearly states sufficient facts to plead a case against Defendant Smith. Plaintiff alleges Defendant Smith stopped him because he was travelling on a low-speed motorized bicycle. A "vehicle stop [may be] an unreasonable seizure of [a] person, entitling him to damages." *Giddeon v. Flynn*, 830 F.3d 719, 720 (7th Cir. 2016). According to Plaintiff, riding his low-speed motorized bicycle was the reason for the stop. The Complaint also includes allegations that Defendant Smith told Plaintiff he would continue stopping Plaintiff and possibly charge him with crimes if he did not stop using his low-speed motorized bicycle.

The Court assumes the use of low-speed motorized bicycles is not unlawful under a city or county ordinance or state law. Although this is a legal conclusion which is not entitled to a presumption of truth at merit review, the Court thinks the best use of resources is to make the assumption for the sake of argument on merit review but, if Defendants challenge this assumption, to allow them to file a motion to dismiss on this ground as a response. Given that assumption and the facts as stated by Plaintiff, taken as true at this stage of the case, Plaintiff has stated a claim against Defendant Smith.

The allegation against Defendants Brown and Michler is that they "directed the police in [Tazewell] County to . . . illegally stop, search and seize [low-speed motorized] bicycles, the bicycles' riders, along with any possessions and to cite the rider for riding a bicycle that is not illegal." (Doc. 1 at 3). As an initial matter,

Defendants are not entitled to absolute immunity on this claim. *Burns v. Reed*, 500 U.S. 478, 496 (1991) (holding absolute immunity does not extent "to the prosecutorial function of giving legal advice to the police."). More complicated is the question of whether a suit against a prosecutor for giving advice to the police states a claim on which relief can be granted. *Id.* at 496 n.9 ("[I]n holding that respondent is not entitled to absolute immunity for rendering the legal advice in this case, we express no views about the underlying merits of petitioner's claims against respondent.").

Although "an individual must be personally responsible for a constitutional deprivation in order to be liable, personal responsibility is not limited to those who participate in the offending act." *Childress v. Walker*, 787 F.3d 433, 439–40 (7th Cir. 2015). Liability may attach (1) where those with a duty under the Constitution act or fail to act with deliberate or reckless disregard for the plaintiff's rights; (2) if the conduct causing the constitutional deprivation occurs at a defendant's direction or with her knowledge and consent; or, (3) "[i]n the case of those responsible for setting policy, liability will result from the institution of a policy that, when enforced, causes a constitutional deprivation." *Id.* at 440 (citations and internal quotation marks omitted). "While the defendant need not have participated directly in the deprivation of the plaintiff's constitutional right to be held liable, he or she must nonetheless have known about the conduct, facilitated it, approved it, condoned it, or turned a blind eye for fear of what they might see." *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) (citations, internal quotation marks, and alterations omitted).

The Seventh Circuit has not been entirely consistent on what gives rise to liability for an ASA based on the conduct of police officers acting on an ASA's legal advice. In *Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000), the Seventh Circuit affirmed the dismissal of a § 1983 action where an ASA ordered the police to hold the plaintiff's husband, who subsequently died, until a lineup could be conducted. Said the court: "[the plaintiff] does not allege that the police were under any duty to follow a state's attorney's orders or suggestions. The police, not the state's attorney's office, decide whether to detain an individual . . . and the police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization . . . ." *Id.* Therefore, the court held the plaintiff "must allege reasons that [the ASA's] statements caused police to hold [the decedent] in an unreasonable fashion," and as the plaintiff had failed to do so, dismissal was proper. *Id.*

However, in *Kijonka v. Seitzinger*, 363 F.3d 645, 647–48 (7th Cir. 2004), the Seventh Circuit reversed the dismissal of a § 1983 suit against a prosecutor where the prosecutor told a police officer to arrest the plaintiff and, as the court determined, did so without reasonable basis to suppose there was probable cause. As the Northern District has recognized, the Seventh Circuit's analysis in *Kijonka* appears inconsistent with its analysis in *Anderson*. "There is no suggestion in the *Kijonka* Court's opinion that the police officers were required to obey the prosecutor." *Woods v. Cook Cty., Ill.*, No. 13-cv-2607, 2014 WL 340422, at *3 (N.D. Ill. Jan. 30, 2014). This Court agrees with the Northern District that "it would be imprudent to try to reconcile these cases without the benefit of properly developed arguments and a

5

factual record." *Id*. The nature of merit review does not allow for this development. Therefore, the Court will not dismiss Plaintiff's claim against Defendants Brown and Michler at this time. But, the Court remains open to arguments from Defendants on this score.

**II.  The Institutional Defendants**

Pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), "[a] municipality is subject to § 1983 liability if one of its policies cause the plaintiff's harm." *Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018). "Either the content of an official policy, a decision by a final decisionmaker, or evidence of custom will suffice . . . . It does not matter if the policy was duly enacted or written down . . . ." *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017).

Plaintiff has not alleged sufficient facts to support a *Monell* claim against Defendant City of Pekin. In his Complaint, Plaintiff states: "Defendant Smith said to Plaintiff that only drug dealers used 'these bicycles' and that the 'city's policy' . . . was to allege the low speed bicycles are illegal" and thus stop their riders. (Doc. 1 at 3). Defendant Smith's employment as a police officer does not qualify him as a policy maker or make his statements otherwise representative of official city policy. His statement allows the conclusion that he believed himself to be operating pursuant to a city policy but, crucially, does not establish that a city policy as required by *Monell* actually existed. Plaintiff's conclusory allegations that such a policy existed are insufficient. *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018). Although Plaintiff claims to have further evidence from a "crowd-sourced investigation" (Doc. 1 at 4-5), merely claiming to have the evidence is not sufficient; he must actually plead the

6

facts established by that evidence to show the existence of a policy or custom as those terms are used in this context. Therefore, Plaintiff's claims against Defendant City of Pekin are dismissed without prejudice.

Likewise, Plaintiff has not alleged sufficient facts to support a claim that Defendant Tazewell County had a policy, decision by a final decisionmaker, or custom of unconstitutional searches which caused him harm. Plaintiff's claims against Defendant Tazewell County may not spring from the conduct of Defendants Brown and Michler. He states "Michler and Brown directed Smith and City of Pekin and Tazewell County to illegally stop without probable cause bicyclists . . . ." (Doc. 1 at 5). And there are no facts alleged which can lead the Court to determine Defendants Brown and Michler are final decisionmakers able to make policy for Defendant Tazewell County, nor that their allegedly unconstitutional advice or direction to Defendant City of Pekin was given pursuant to a policy or custom of the County. Plaintiff's claims that there was a systemic failure by Defendant Tazewell County are conclusory and therefore insufficient. *Tobey*, 890 F.3d at 639. To the extent he is attempting to hold Defendant Tazewell County liable for action other than through the ASAs' direction and legal advice, it is unclear how he was harmed by the County; to the extent he is attempting to hold Defendant Tazewell County liable for the ASAs' conduct, he has not properly alleged they were policymakers. Therefore, Plaintiff's claims against Defendant Tazewell County are dismissed without prejudice.

### III. Other Claims

Plaintiff asserts "low speed bicycles . . . are protected by Illinois statute, the Illinois Constitution, [and] the United States Constitution" (Doc. 1 at 3). If these are

7

independent claims, rather than part of the Fourth Amendment claim, the Complaint is insufficient. Plaintiff cites no provisions which protect low-speed motorized bicycles, nor any state or federal constitutional provisions which protect a right to use such bicycles. Therefore, Plaintiff's claims are dismissed without prejudice to the extent Plaintiff seeks relief under Illinois law or for violations of the federal Constitution aside from the Fourth Amendment.

### IV. Amending the Complaint and Proceeding *In Forma Pauperis*

Plaintiff's claims against Defendants City of Pekin and Tazewell County as well as any non-Fourth Amendment claims Plaintiff seeks to bring have been dismissed without prejudice, meaning he is allowed an opportunity to plead those claims with sufficient factual support. Plaintiff may, within twenty-one days of the date of this Order, file an amended complaint alleging facts sufficient to show Defendants City of Pekin and Tazewell County had a policy or custom of stopping persons on low-speed motorized bicycles without probable case and/or citing law implicating the right to use low-speed motorized bicycles which he believes was infringed. Should Plaintiff decide to submit an amended complaint, he must include his Fourth Amendment claims against Defendants Smith, Brown, and Michler in it as well. The amended complaint would fully supplant the original Complaint, and all allegations Plaintiff wishes to proceed on must be contained in the amended document.

The Court intends to order Defendants to respond to Plaintiff's Fourth Amendment claims against the individual defendants. The Court will enter an appropriate order following notice from Plaintiff as to whether he intends to file an

amended complaint or once the time period for filing has elapsed; if Plaintiff chooses to file an amended complaint, the Court will enter an appropriate order when it engages in merit review of the amended complaint.

The Court also grants Plaintiff's motion to proceed *in forma pauperis*. Because he was a prisoner at the time the suit was filed, Plaintiff's motion is subject to the procedures detailed in 28 U.S.C. § 1915(b). *Robbins v. Switzer*, 104 F.3d 895, 898–99 (7th Cir. 1997). Pursuant to § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.98. Plaintiff is ordered to either pay the initial partial filing fee within 14 days or file a motion to proceed *in forma pauperis* with respect to that initial fee, stating that he has no means to pay the initial filing fee and asking for it to be excused under § 1915(b)(4). *Jurcich v. Spaeller*, No. 09-cv-508, 2010 WL 2293423, at *1 (S.D. Ill. June 4, 2010); *see also Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016) ("The initial partial filing fee may not be exacted if the prisoner has no means to pay it . . . .").

Because Plaintiff is no longer a prisoner, he is currently excused from the installments set forth in § 1915(b)(2) pursuant to § 1915(b)(4). *See Robbins*, 104 F.3d at 898. However, the Court—empowered to take judicial notice of public records where the facts are not subject to a reasonable dispute, *Tobey*, 890 F.3d at 647–48— takes judicial notice that Plaintiff appears to be the defendant in a criminal matter scheduled for a jury trial on February 11, 2019, in Tazewell County Circuit Court. Should Plaintiff be found guilty and sentenced to a term of incarceration, § 1915(b)(2) will become operative. If Plaintiff is incarcerated following his upcoming trial, the agency having custody of him is directed to make monthly payments of 20 percent of

the preceding month's income credited to Plaintiff's account to the Clerk of Court. Income includes all deposits from any source. That agency shall forward these payments each time Plaintiff's account exceeds $10 until the filing fee of $350 is paid in full. The Clerk will be directed to mail a copy of this Order to any agency taking custody of Plaintiff should he file notice changing his address to a penal institution, as required under Local Rule 16.3(K). Plaintiff is reminded that failure to file such a notice will result in the dismissal of this case.

## CONCLUSION

Plaintiff's Fourth Amendment claims against Defendants Smith, Michler, and Brown withstand merit review; however, the remainder of Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff MAY file an amended complaint within twenty-one (21) days of this Order. If Plaintiff chooses to do so, the amended complaint must include all of the claims on which he seeks to proceed. The Court will address Defendants' obligation to respond at a later time, as discussed above. Additionally, Plaintiff's motion to proceed *in forma pauperis* is GRANTED. An initial filing fee of $11.98 is assessed, and Plaintiff MUST pay the initial fee or submit a second motion to proceed *in forma pauperis* demonstrating that he cannot pay the initial fee within fourteen (14) days of the date of this Order. The provisions in § 1915(b)(2) will not operate unless Plaintiff is incarcerated again. If Plaintiff submits a notice of address indicating he has been incarcerated, the Clerk is requested to mail a copy of this Order to his place of confinement, to the attention of the Trust Fund Office.

SO ORDERED.

Entered this 6th day of February 2019.

                                                          s/Joe B. McDade
                                         JOE BILLY McDADE
                              United States Senior District Judge